**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STEVEN L. HUNTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civ. No. 2:23-cv-02188-JPM-tmp |
| v. | ) | |
| | ) | |
| WARDEN BOWERS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**
**ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE**
**ORDER DENYING PENDING MOTIONS AS MOOT**
**ORDER CERTIFYING THAT AN APPEAL WOULD NOT BE IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion for First Step Time Credit Awarded to Term of Supervised Release and Request for Appointment of Counsel (ECF No. 1), filed under 28 U.S.C. § 2241[1] by Steven L. Hunter[2]; Respondent's Motion to Dismiss or, In the Alternative, Motion for Summary Judgment and Supporting Memorandum of Law ("Motion to Dismiss," ECF No. 13); and Petitioner's Motion to Reply to Government's Response[3] and Reiterate Request for Appointment of Counsel (ECF No. 14). For the reasons stated below, Respondent's

---

[1] The Court construes this motion as a petition under 28 U.S.C. § 2241.

[2] Hunter was incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). He was released on October 17, 2023. *See* Federal Bureau of Prisons, Find an inmate (last accessed Nov. 15, 2023).

[3] The Court construes this motion as a timely filed Response to the Motion to Dismiss. (*See* ECF No. 7 at PageID 25.)

Motion to Dismiss is GRANTED; the § 2241 Petition is DISMISSED; and all pending motions are DENIED as moot.

## I.   BACKGROUND

In the United States District Court for the Southern District of Indiana, Hunter pled guilty and was convicted on one count of being a felon in possession of ammunition and a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (*See* Cr. No. 1:09-cr-00124-SEB-TAB (S.D. Ind.), Doc. 134 at PageID 1550.)  On July 6, 2010, he was sentenced as an armed career criminal to 216 months in prison, to be followed three years on supervised release.  (*Id.* at PageID 1551-52.)  Hunter's counsel filed an appeal under *Anders v. California*, 386 U.S. 738 (1967), asserted that the appeal was frivolous, and moved to withdraw.  (*See* Doc. 155 at PageID 1901-02.)  The United States Court of Appeals for the Seventh Circuit granted the motion to withdraw and dismissed the appeal.  (*Id.* at PageID 1905.)

In 2012, Hunter filed a motion to vacate under 28 U.S.C. § 2255.  (Doc. 171.)  On April 30, 2013, the direct court denied the motion.  (Doc. 173.)

Hunter also filed two motions to reduce or modify his sentence under 18 U.S.C. § 3582(c) and was denied relief on both.  (*See* Docs. 159, 162, 175 & 177.)

## II.   THE § 2241 PETITION

On March 30, 2023, Hunter filed the instant § 2241 Petition.  (Civ. No. 23-2188, ECF No. 1.)  He asserts that: (1) the BOP has incorrectly calculated his earned time credits under the First Step Act ("FSA"); and (2) he is eligible for early release because he has completed the Residential Drug Abuse Program ("RDAP").  (*Id.* at PageID 2-5.)  Hunter asks that his unused FSA credit be applied to his supervised release term.  (*Id.* at PageID 2, 5.)  On July 10, 2023, FCI Memphis Warden Bowers filed a Motion to Dismiss.  (ECF No. 13.)  On July 19, 2023,

Hunter filed his Response to the Motion to Dismiss and a motion for appointment of counsel. (ECF No. 14.)

## III.   ANALYSIS

Federal courts are authorized to issue writs of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels. *See generally* 28 C.F.R. § 542 .10, *et seq.*[4] Exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking court review of sentence credit. *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) ("It is well established the federal prisoners complaining of events or condition related to their custody must exhaust their administrative remedies before habeas relief may be granted"); *see Aron v. LaManna*, 4 F. App'x 232, 232–33 (6th Cir. 2001) (denying relief where petitioner failed to exhaust administrative remedies for the revocation of good time credit); *see Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423 (6th Cir. 2000) ("As Sesi has failed to exhaust his available administrative remedies, the petition was properly dismissed"); *see United States v. Anderson*, No. 22-1237, 2023 WL 3413905, at *3 (6th Cir. May 12, 2023) (a federal prisoner "must first

---

[4]After the inmate has attempted to resolve his matter of concern informally, an initial request is made to the Warden at the institutional level. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director within 20 days of receiving the Warden's response. *See* 28 C.F.R. § 542.15. If he is dissatisfied with the Regional Director's response, he may appeal to the General Counsel in the BOP's Central Office, Washington, D.C., within 30 days of receiving the Regional Director's response. *Id.* The Administrative Remedy Program allows an inmate to seek formal review of an issue relating to any aspect of his or her confinement, to include appeals of disciplinary decisions by the DHO. 28 C.F.R. § 542.10.

exhaust his administrative remedies with the Bureau and then seek relief under 28 U.S.C. § 2241."); *see Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit.").

A prisoner's failure to exhaust available administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). The Sixth Circuit requires the prisoner to make some affirmative effort to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (citations omitted). A prisoner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *see Bankhead v. United States*, No. 22-11656, 2023 WL 5007913, at *2 (E.D. Mich. July 10, 2023).

Hunter contends that exhaustion of his administrative remedies would have been futile because the BOP manager's cutoff for applying RDAP credit was that RDAP had to be completed 24 months before the inmate's sentence ended. (ECF No. 1 at PageID 3-4.) Hunter had less than five months on his sentence when he completed RDAP. (*Id.*)

The Warden asserts that Hunter has failed to seek an administrative remedy about FSA credits, RDAP participation, and eligibility under 18 U.S.C. § 3621(e). (*See* ECF No. 13 at PageID 42, 52-53.) However, Hunter has sought administrative remedies in various other circumstances during his incarceration. (*Id.* at PageID 52-53.) The Warden contends that

4

Hunter has not exhausted his administrative remedies and has not shown cause and prejudice to excuse his failure to exhaust.  (*Id.* at PageID 42.)

In reply, Hunter asserts that courts have discretion to waive the exhaustion requirement. (ECF No. 14 at PageID 68-69.)  He argues that the BOP set an arbitrary 24-month cutoff when the prior rule was that the cut-off was 18 months before the inmate's release.  (*Id.* at PageID 69.)

Here, Hunter made no efforts to comply with the BOP's administrative process and, instead, filed in federal court.  Although Hunter may not believe he will receive the result he desires, he must pursue his remedies with the BOP up the chain of administrative review.  *See Mejia v. Healy*, No. 4:23 CV 1468, 2023 WL 6539835, at *2 (N.D. Ohio Sept. 25, 2023).  The Court does not find that it was futile for Hunter to exhaust his administrative remedies.  *See Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 1808363, at *2 (E.D. Mich. Apr. 21, 2015) (noting a split of authority about whether it would be futile to require a habeas petitioner to exhaust administrative remedies with respect to a claim that he or she was wrongly denied a sentence reduction); *see DeLeo v. Paul*, No. CV 5:23-241-KKC, 2023 WL 5945868, at *2 (E.D. Ky. Aug. 22, 2023) (courts have rejected the futility argument based on the notion that already-passed or impending release is sufficient to deem exhaustion futile).  Had Hunter promptly and diligently pursued his administrative remedies, this case may have been ripe for consideration by the Court before his release.

## IV.   CONCLUSION

Because Hunter has not exhausted his administrative remedies, the Motion to Dismiss (ECF No. 13) is GRANTED.  The § 2241 Petition is DISMISSED WITHOUT PREJUDICE. Judgment shall be entered for Respondent.

## V.    APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Fed. R. App. P. 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner has failed to exhaust his administrative remedies, the Court finds that any appeal would not be taken in good faith.  The Court therefore **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that any appeal here would not be taken in good faith, and the Court **DENIES** Petitioner leave to appeal in forma pauperis.

**IT IS SO ORDERED**, this 8th day of December, 2023.


/s/ Jon P. McCalla
_____
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE